UNITED STATES DISTRICT COURT
MASSACHUSETTS

**PETER LEVIN, as POA of his mother JILL LEVIN,**
    **Plaintiff,**

**v.**                                                                                          **CA. NO.**

**DARIN M. COLUCCI, ESQ. and**
**COLUCCI, COLUCCI, MARCUS & FLAVIN, P.C.,**
    **Defendants.**

**COMPLAINT AND JURY CLAIM**

**PARTIES**

1. The Plaintiff, Peter Levin, as POA of his mother, Jill Levin, is a resident of Shaftsbury, Vermont.

2. The Defendant, Darin M. Colucci, is an attorney licensed to practice in Massachusetts, and has a principal place of business in Milton, Massachusetts.

3. The Defendant, Colucci, Colucci, Marcus & Flavin, P.C., is and was at all times relevant a duly organized Massachusetts corporation engaged in the practice of law with a principal place of business in Milton, Massachusetts. Liability is asserted herein against the Colucci Defendants on both direct and vicarious theories.

4. This Court has jurisdiction over this matter based on diversity of citizenship, pursuant to 23 U.S.C. s. 1332, as the amount in controversy is more than $75,000.00.

5. In June 2014, Jill Levin sought medical attention at the Shaftsbury Medical Associates Emergency Room in Shaftsbury, Vermont. At this time, she presented with extreme jaw pain, neck and shoulder pain, fatigue and vision disturbances of a month's duration, a classic presentation of temporal arteritis.

6. Prompt administration of steroids should have been started immediately. However, Shaftsbury negligently failed to properly diagnose or treat the temporal arteritis, which resulted in the Plaintiff's permanent blindness.

7. In June 2017, the Plaintiff, then represented by Vermont counsel, Attorney Matthew G. Hart, brought timely suit against Shaftsbury in the Bennington Superior Court in Vermont.

8. In August 2017, the Plaintiff retained the Defendants to take over the suit against Shaftsbury.

9. In August 2017, the Defendants instructed the Plaintiff to terminate Attorney Hart as counsel, and the Plaintiff followed this advice.

10. In August 2017, the Defendants sent an email to the Plaintiff providing specific instructions for the Plaintiff to inform Attorney Hart that the Plaintiff had retained the Defendants to handle the case.

11. In August 2017, the Plaintiff provided the Defendants with the file obtained from Attorney Hart.  The Plaintiff reasonably expected that the Defendants would file a notice of appearance as counsel in the pending Vermont action, and handle the matter.

12. However, the Defendants never filed a notice of appearance in the case, and never attempted to obtain *pro hac vice* status.

13. In October 2017, Attorney Hart filed a Motion to Withdraw as counsel, citing the fact that he had been terminated in August 2017, and citing the fact that the Defendants had been retained to represent the Plaintiff in the matter.

14. The Court allowed the Motion to Withdraw in October 2017, and ordered that new counsel file an appearance, or that a notice of *pro se* appearance be filed, within 30 days. The Defendants knew or should have known of this order, but failed to file an appearance or take any other timely action.

15. In December 2017, Shaftsbury filed a Motion to Dismiss for Failure to Prosecute, as the Defendants had still not filed an appearance despite being retained to do in August 2017. The Plaintiff sent that motion to the Defendants, but the Defendants failed to take any responsive action.

16. On January 3, 2018, the Defendants informed the Plaintiff that they were not licensed in Vermont, and despite the fact that the Defendants knew or should have known that Attorney Hart had withdrawn from the case, the Defendants informed the Plaintiff that the Defendants did not know that Attorney Hart had withdrawn his appearance. The Defendants provided the Plaintiff with a blank *pro se* appearance form, that the Plaintiff promptly filed.

17. Despite the looming Motion to Dismiss, the Defendants took no action other than to provide an untimely *pro se* form for the Plaintiff to file.

18. On February 23, 2018, the Court allowed Shaftsbury's motion, and dismissed the case for failure to prosecute.  The Defendants took no action thereafter to seek to vacate the dismissal or to file a notice of appearance.

19. By all these actions and inactions by the Defendants, the Defendants breached the duty of care owed to the Plaintiff.

20. Once the Defendants agreed to handle the medical malpractice case and once they advised Plaintiff to discharge prior counsel, they had a duty to make certain to preserve the viability of that action by a) seeking *pro hac vice* status and filing their appearance; b) prosecuting the medical malpractice action competently; c) by seeking timely permission from the court to withdraw, while ensuring that Plaintiff had the maximum allowable time to find new counsel, while helping Plaintiff file a timely notice of *pro se* appearance; or d) opposing the motion to dismiss. The Defendants failed to take any of these actions. Had they taken any of these actions, the medical malpractice action would not have been dismissed.

21. The Plaintiff had a viable claim for the medical malpractice that caused her to suffer the catastrophic injury of permanent blindness. The Plaintiff has incurred more than $500,000.00 in medical bills and related home care, and has suffered enormous mental, physical and emotional pain and suffering related to the blindness that was proximately caused by the medical negligence.

22. As the proximate result of the Defendants negligence, the Plaintiff was permanently deprived of the substantial compensatory damages that would have been recovered in the medical malpractice action.

## COUNT I
## LEGAL MALPRACTICE

23. The Plaintiff hereby reassert Paragraphs 1-22 above as if fully set forth herein.

24. At all times relevant hereto, there was an attorney-client relationship between the Defendants and the Plaintiff.

25. At all relevant times, the Defendants owed the Plaintiff a duty of reasonable care in connection with the underlying case. The Defendants were required to exercise the skill, care and diligence of the ordinary Massachusetts practitioner qualified to advise and advocate regarding prosecution of a medical malpractice action in Vermont, under the known circumstances of the status of that action.

26. As detailed above, and as will be more fully proven at trial, the Defendants were negligent by directly and/or vicariously violating the applicable standard of care.

27. But for, and as a proximate result of, the Defendants' negligent violations of the standard of care, the Plaintiff would have recovered substantial tort compensation for the Plaintiff's foreseeable damages as described herein and will be more fully proven at trial.

WHEREFORE, the Plaintiff demands judgment against Defendants in an amount sufficient to compensate for losses to be proven at trial, together with interest, costs, reasonable attorney's fees, and such further relief as is just and proper.

## JURY CLAIM

The Plaintiff respectfully demands a jury trial on all issues so triable.

## RULE 11 CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

Dated: April 28, 2021

Respectfully submitted,

PLAINTIFF,

By her Attorneys,

 /s/ Charles P. Kazarian
Charles P. Kazarian, BBO# 262660
Scott H. Kremer, BBO#559316
KAZARIAN LAW
One International Place, Suite 850
Boston, MA  02110
(617) 951-0100
cpk@kazarianlaw.com
shk@kazarianlaw.com